**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PHI Aviation LLC, | No. CV-24-03448-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Precision Heli-Support LLC, | |
| Defendant. | |

Before the Court is the Amended Notice of Removal (Doc. 1) filed by Defendant Precision Heli-Support, LLC ("Defendant"). This is the second time Defendant has attempted to remove this case to federal court. Its first attempt occurred on December 4, 2024, when Defendant filed a notice of removal that was assigned to a different district judge.* (*See* Doc. 8-1 at 2-5); *see also PHI Aviation LLC v. Precision Heli-Support LLC*, No. 2:24-cv-03418-JJT (D. Ariz.).

The first notice of removal was based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 8-1 at 3.) While reviewing the notice, the Court found Defendant did not allege the citizenship of its owners/members, nor did it allege the citizenship of the owners/members of PHI Aviation LLC ("Plaintiff"). (*Id.*) That omission prompted the Court to hold Defendant did not meet its burden of proving subject matter jurisdiction. (Doc. 1-1 at 2-3); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating "an LLC is a citizen of every state of which its owners/members

---

* Defendant's first notice of removal was assigned to United States District Judge John J. Tuchi.

are citizens"). As a result of the deficiency, the Court remanded the case back to the Arizona Superior Court in Maricopa County. (Doc. 1-1 at 3.)

On December 5, 2024, Defendant filed the Amended Notice of Removal currently before the Court. The Amended Notice is mostly the same as the one previously before the Court. (*Compare* Doc. 1, *with* Doc. 8-1 at 2-5.) The only difference is the Amended Notice adds allegations that Plaintiff's owners/members "are all residents and citizens of Louisiana" and Defendant's owners/members "are residents and citizens of Alaska." (Doc. 1 ¶¶ 4-5.)

Plaintiff filed a motion to remand (Doc. 8) in response to the Amended Notice of Removal. Plaintiff's motion argues the Amended Notice is untimely because a notice of removal must be filed within thirty days after service of process, (Doc. 8 at 3 (citing 28 U.S.C. § 1446(b)(1))), and Defendant filed the Amended Notice thirty-one days after it was served the complaint. (*Id.* at 4.) Plaintiff's motion also argues the Amended Notice is improper because there has been no substantial change in the nature of the case since the Court remanded it back to state court. (*See id.* at 4-5 (citing *Carr v. Nat'l Ass'n of Forensic Couns., Inc.*, NO. CV 14-8761-JFW, 2014 WL 7384718, at *3 (C.D. Cal. Dec. 29, 2014)).

Plaintiff's argument that the Amended Notice is improper goes to the Court's jurisdiction over this case. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). This language is understood as divesting removal jurisdiction when "remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction." *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). Relevant here, 28 U.S.C. § 1447(d) generally prevents federal district courts from reconsidering a notice of removal that was previously remanded due to a lack of subject matter jurisdiction. *See Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1061-62 (C.D. Cal. 2014).

An exception to the general rule exists when "events reveal a *new* and *different* ground for removal" that is based on "newly discovered facts or law." *See Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991); *Neduelan v. Werner Enters, Inc.*, No.

ED CV 20-290-SP, 2020 WL 2062259, at *2 (C.D. Cal. Apr. 28, 2020). "[T]he types of circumstances that create new grounds for removal require a showing that the 'posture of the case has so changed that it is substantially a new case.'" *Neduelan*, 2020 WL 2062259, at *3 (quoting *Leon*, 76 F. Supp. 3d at 1063). An example of a change in posture includes "an intervening change in law that creates a new basis for subject matter jurisdiction." *See id.*

Here, the Amended Notice does not allege a different theory of removal or a material change in the posture of the case. (*Compare* Doc. 8-1 at 3, *with* Doc. 1 at 2.) Therefore, the general rule outlined in 28 U.S.C. § 1447(d) applies, and the Court lacks jurisdiction to entertain the Amended Notice. *See Things Remembered, Inc.*, 516 U.S. at 127-28; *Kirkbride*, 933 F.2d at 732.

Moreover, the Amended Notice does not allege any newly discovered facts or law. The only new allegations contained in the Amended Complaint are the citizenship of Plaintiff and Defendant's members/owners. (*See* Doc. 1.) Defendant is presumed to have known its own citizenship when filing the first notice before the Court. *See Leon*, 76 F. Supp. 3d at 1063 (finding "a corporate defendant, like any other, is presumed to know its own citizenship"). And there is nothing to suggest Defendant discovered the citizenship of Plaintiff's members/owners during the one day between Defendant's first notice and its current Amended Notice. Without such information, there is doubt on the availability of removal jurisdiction, which the Court is required to construe in favor of remanding the case back to state court. *See Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (stating courts should resolve any doubts on removability in favor of remanding the case back to state court). Thus, even presuming Defendant had alleged a different theory of removal, the Amended Notice would still be barred. *See Neduelan*, 2020 WL 2062259, at *2 (stating a court can only reconsider a notice of removal when facts or law are "newly discovered").

Finally, the Amended Notice was filed thirty-one days after service of process. Notices of removal normally must be filed within thirty days after service. 28 U.S.C.

- 3 -

§ 1446(b)(1). While Defendant correctly points out a defective allegation of jurisdiction can be amended in certain instances, *see* 28 U.S.C. § 1653, it fails to recognize that leave to amend is discretionary. *See id.* ("Defective allegations of jurisdiction *may* be amended . . . .") (emphasis added). Discretion which the Court declines to exercise here. What's more, even if the Court were inclined to grant Defendant leave to amend, it doubts its ability to do so. The Court reads the Ninth Circuit's caselaw as requiring any request to amend be filed with the district judge who presided over the first removal—the only judge in this District who could handle such a motion without improperly reconsidering the previously remanded notice of removal. *See Leon*, 76 F. Supp. 3d at 1061-62.

Accordingly,

**IT IS ORDERED** granting Plaintiff PHI Aviation, LLC's Motion to Remand (Doc. 8).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to remand this case to the Arizona Superior Court in Maricopa County and close this case.

Dated this 16th day of January, 2025.

Michael T. Liburdi
United States District Judge